UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SURINDER PAL,<br><br>   Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>   Respondent. | No. 08-74060<br><br>Agency No. A070-542-986<br><br>ORDER |

Before: SCHROEDER, RIPPLE*, and CALLAHAN, Circuit Judges.

   The petition for rehearing is granted for the limited purpose of withdrawing the memorandum disposition filed on June 16, 2013, and the clerk shall substitute the attached memorandum disposition. The petition for rehearing is otherwise denied. No further petitions for rehearing will be entertained. Mandate shall issue forthwith.

---

   *  The Honorable Kenneth F. Ripple, Senior Circuit Judge for the U.S. Court of Appeals for the Seventh Circuit, sitting by designation.

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 31 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SURINDER PAL,<br><br>                    Petitioner,<br><br>    v.<br><br> ERIC H. HOLDER, Jr., Attorney General,<br><br>                    Respondent. | No. 08-74060<br><br>Agency No. A070-542-986<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted June 12, 2013
San Francisco, California

Before:  SCHROEDER, RIPPLE,** and CALLAHAN, Circuit Judges.

Surinder Pal, a native and citizen of India, petitions for review of the order

of the Board of Immigration Appeals ("BIA" or the "Board").  That decision

affirmed an Immigration Judge's ("IJ") denial of his applications for asylum and

---

   * This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

   ** The Honorable Kenneth F. Ripple, Senior Circuit Judge for the U.S.
Court of Appeals for the Seventh Circuit, sitting by designation.

for protection under the Convention Against Torture ("CAT").  We have jurisdiction under 8 U.S.C. § 1252.

Mr. Pal challenges the IJ's adverse credibility determination.  The pre-REAL ID Act standards govern this case.  Joseph v. Holder, 600 F.3d 1235, 1246 n.8 (9th Cir. 2010).  We review the BIA's decision affirming an adverse credibility determination for substantial evidence.  Yaogang Ren v. Holder, 648 F.3d 1079, 1083 (9th Cir. 2011).  We also review for substantial evidence the determination that Mr. Pal has not established eligibility for asylum or CAT protection.  See Malkandi v. Holder, 576 F.3d 906, 912 (9th Cir. 2009) (addressing asylum); Arteaga v. Mukasey, 511 F.3d 940, 944 (9th Cir. 2007) (addressing a CAT claim).

Mr. Pal's objections to the adverse credibility determination are not persuasive.  He contends that the IJ was required to credit his explanation that the inconsistencies between his first declaration and his amended declaration and testimony are attributable to an unscrupulous preparer.  The record demonstrates that the IJ considered Mr. Pal's explanation, which is all that we require.  Rivera v. Mukasey, 508 F.3d 1271, 1275 (9th Cir. 2007).  Even if the IJ had accepted Mr. Pal's explanation, it does not account for the inconsistencies that the IJ and the BIA identified between his amended declaration, prepared by his attorney, and his in-court testimony.  These inconsistencies, such as the circumstances of his first

arrest, the amount of the bribe paid to secure his release after his second arrest and when he suffered physical injury from torture, go to the heart of Mr. Pal's claim for relief. Therefore, the adverse credibility determination is supported by substantial evidence.

Mr. Pal next alleges that the IJ violated his right to due process by failing to give him additional opportunities to explain these inconsistencies. However, he has not challenged the IJ's requirement that he produce medical evidence to justify additional continuances. Nor has he even alleged that he could have produced such evidence. In any event, he has not established prejudice, as he must to prevail on a due process claim. Gonzaga-Ortega v. Holder, No. 07-74361, --- F.3d ----, 2013 WL 5198549, at *8 (9th Cir. June 7, 2013). Indeed, he is silent concerning what explanation for the inconsistencies he would offer were he granted another continuance.

Mr. Pal's other claimed due process violation, the denial of a complete, simultaneous translation, also fails. He has not demonstrated his entitlement to such a translation or shown that the denial of such a translation prejudiced him. Mr. Pal does not allege that, if he were provided with a translation of the IJ's discussion with his attorney, he would have produced the required medical evidence of his inability to testify.

3

In support of his asylum claim, Mr. Pal offered his own testimony, which was found incredible, as well as expert opinions. In light of the prior finding of incredibility, the IJ concluded that the experts' assessments, standing alone, were insufficient to sustain Mr. Pal's burden of proof on the issue of past persecution. By this ruling, the IJ did not deprive Mr. Pal of the opportunity to present evidence on his own behalf. He simply determined that the testimony of the experts was not sufficient, standing alone, to carry the petitioner's burden. The burden to establish past persecution is significant, and we cannot say that the agency's decision that the standard was not met on the basis of the expert opinions, without credible testimony from Mr. Pal himself, was not supported by substantial evidence.

We note that, after it explicitly approved the IJ's credibility determination on at least two occasions,[1] the Board addressed independently the argument that the IJ had not permitted the petitioner to present evidence in support of his claim. In the course of rejecting that argument, the Board said, erroneously, that, the witnesses' evaluations are based on the same declaration that [Mr. Pal] continues to argue is

---

[1] A.R. at 4 ("We conclude that these discrepancies, coupled with the inconsistencies regarding the arrest, provide substantial evidence of the respondent's lack of credibility."); id. at 4-5 ("Even accepting that the preparer was unscrupulous, there is sufficient evidence of dishonesty in this case to support the Immigration Judge's adverse credibility finding.").

not correct." A.R. at 5 (emphasis added).[2] We think it is clear that the Board did not make this statement in reaching its determination with respect to the petitioner's credibility; that matter already had been decided by the Board. In any event, even if the Board had taken this misapprehension into account in determining the credibility issue, it is clear from its approval of the IJ's decision (which does not share the Board's misapprehension) that it gave this factor little, if any, weight.

Finally, Mr. Pal's claim that the BIA engaged in improper factfinding with regard to country conditions is not well-taken. The BIA "'relied on the predicate facts found by the Immigration Judge.'" Ridore v. Holder, 696 F.3d 907, 922 (9th Cir. 2012) (quoting Matter of A-S-B-, 24 I. & N. Dec. 493, 498 (B.I.A. 2008)). The Board specifically referred to Exhibit 4, which the IJ discussed and which contains the very language used by the BIA.

Because Mr. Pal's CAT claim is based on the same statements as his asylum claim, and country conditions evidence does not compel the conclusion that it is more likely than not that he would be tortured if returned to India, his CAT claim also fails.

---

[2] As the IJ correctly noted, the experts' testimony was based on the narratives given to each expert by the petitioner, not on either of the petitioner's declarations.

**Petition DENIED.**

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

**FILED**

FOR THE NINTH CIRCUIT

OCT 31 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SURINDER PAL, | No. 08-74060 |
| Petitioner, | Agency No. A070-542-986 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted June 12, 2013
San Francisco, California

Before: SCHROEDER, RIPPLE,** and CALLAHAN, Circuit Judges.

Surinder Pal, a native and citizen of India, petitions for review of the order

of the Board of Immigration Appeals ("BIA" or the "Board"). That decision

affirmed an Immigration Judge's ("IJ") denial of his applications for asylum and

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\* The Honorable Kenneth F. Ripple, Senior Circuit Judge for the U.S.
Court of Appeals for the Seventh Circuit, sitting by designation.

for protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252.

Mr. Pal challenges the IJ's adverse credibility determination. The pre-REAL ID Act standards govern this case. Joseph v. Holder, 600 F.3d 1235, 1246 n.8 (9th Cir. 2010). We review the BIA's decision affirming an adverse credibility determination for substantial evidence. Yaogang Ren v. Holder, 648 F.3d 1079, 1083 (9th Cir. 2011). We also review for substantial evidence the determination that Mr. Pal has not established eligibility for asylum or CAT protection. See Malkandi v. Holder, 576 F.3d 906, 912 (9th Cir. 2009) (addressing asylum); Arteaga v. Mukasey, 511 F.3d 940, 944 (9th Cir. 2007) (addressing a CAT claim).

Mr. Pal's objections to the adverse credibility determination are not persuasive. He contends that the IJ was required to credit his explanation that the inconsistencies between his first declaration and his amended declaration and testimony are attributable to an unscrupulous preparer. The record demonstrates that the IJ considered Mr. Pal's explanation, which is all that we require. Rivera v. Mukasey, 508 F.3d 1271, 1275 (9th Cir. 2007). Even if the IJ had accepted Mr. Pal's explanation, it does not account for the inconsistencies that the IJ and the BIA identified between his amended declaration, prepared by his attorney, and his in-court testimony. These inconsistencies, such as the circumstances of his first

2

arrest, the amount of the bribe paid to secure his release after his second arrest and when he suffered physical injury from torture, go to the heart of Mr. Pal's claim for relief. Therefore, the adverse credibility determination is supported by substantial evidence.

Mr. Pal next alleges that the IJ violated his right to due process by failing to give him additional opportunities to explain these inconsistencies. However, he has not challenged the IJ's requirement that he produce medical evidence to justify additional continuances. Nor has he even alleged that he could have produced such evidence. In any event, he has not established prejudice, as he must to prevail on a due process claim. Gonzaga-Ortega v. Holder, No. 07-74361, --- F.3d ----, 2013 WL 5198549, at *8 (9th Cir. June 7, 2013). Indeed, he is silent concerning what explanation for the inconsistencies he would offer were he granted another continuance.

Mr. Pal's other claimed due process violation, the denial of a complete, simultaneous translation, also fails. He has not demonstrated his entitlement to such a translation or shown that the denial of such a translation prejudiced him. Mr. Pal does not allege that, if he were provided with a translation of the IJ's discussion with his attorney, he would have produced the required medical evidence of his inability to testify.

3

In support of his asylum claim, Mr. Pal offered his own testimony, which was found incredible, as well as expert opinions. In light of the prior finding of incredibility, the IJ concluded that the experts' assessments, standing alone, were insufficient to sustain Mr. Pal's burden of proof on the issue of past persecution. By this ruling, the IJ did not deprive Mr. Pal of the opportunity to present evidence on his own behalf. He simply determined that the testimony of the experts was not sufficient, standing alone, to carry the petitioner's burden. The burden to establish past persecution is significant, and we cannot say that the agency's decision that the standard was not met on the basis of the expert opinions, without credible testimony from Mr. Pal himself, was not supported by substantial evidence.

We note that, after it explicitly approved the IJ's credibility determination on at least two occasions,[1] the Board addressed independently the argument that the IJ had not permitted the petitioner to present evidence in support of his claim. In the course of rejecting that argument, the Board said, erroneously, that, the witnesses' evaluations are based on the same declaration that [Mr. Pal] continues to argue is

---

[1] A.R. at 4 ("We conclude that these discrepancies, coupled with the inconsistencies regarding the arrest, provide substantial evidence of the respondent's lack of credibility."); id. at 4-5 ("Even accepting that the preparer was unscrupulous, there is sufficient evidence of dishonesty in this case to support the Immigration Judge's adverse credibility finding.").

not correct." A.R. at 5 (emphasis added).[2] We think it is clear that the Board did not make this statement in reaching its determination with respect to the petitioner's credibility; that matter already had been decided by the Board. In any event, even if the Board had taken this misapprehension into account in determining the credibility issue, it is clear from its approval of the IJ's decision (which does not share the Board's misapprehension) that it gave this factor little, if any, weight.

Finally, Mr. Pal's claim that the BIA engaged in improper factfinding with regard to country conditions is not well-taken. The BIA "'relied on the predicate facts found by the Immigration Judge.'" Ridore v. Holder, 696 F.3d 907, 922 (9th Cir. 2012) (quoting Matter of A-S-B-, 24 I. & N. Dec. 493, 498 (B.I.A. 2008)). The Board specifically referred to Exhibit 4, which the IJ discussed and which contains the very language used by the BIA.

Because Mr. Pal's CAT claim is based on the same statements as his asylum claim, and country conditions evidence does not compel the conclusion that it is more likely than not that he would be tortured if returned to India, his CAT claim also fails.

---

[2] As the IJ correctly noted, the experts' testimony was based on the narratives given to each expert by the petitioner, not on either of the petitioner's declarations.

**Petition DENIED.**